**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Flores, | No. CV-21-01645-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Frost-Arnett Company, | |
| Defendant. | |

Pending before the Court are Defendant's motion for summary judgment (Doc. 41) and Plaintiff's motion for partial[1] summary judgment (Doc. 42), which are both fully briefed. The Court grants Plaintiff's motion and denies Defendant's motion.

**I. Background**

The following facts are undisputed. Plaintiff was injured on the job and underwent several surgeries. A month after the injury, he filed a worker's compensation claim with the Industrial Commission of Arizona, which was accepted. (Doc. 42 at 80-82.) He received medical treatment a few years later from Valley Anesthesiology Consultants for that same injury. (*Id.* at 36-38.)

Valley Anesthesiology Consultants ("VAC") placed that debt with Defendant for collection, sending the account as a data file. (*Id.* at 112, 179-180.) As Defendant does with all accounts sent over from VAC, it conducted a keyword search on the data file associated

---

[1] Plaintiff moves for summary judgment on the issue of liability for all claims but asks the Court to reserve the issue of damages for a jury.

1  with the account from VAC created by Plaintiff's medical treatment. (Doc. 41 at 22-23.)
2  The search detected no signs that the account was associated with a worker's compensation
3  claim. (*Id.* at 23.)
4        Defendant mailed a letter to Plaintiff indicating that he owed $1,494 on the account
5  and could pay that amount with check or money order. The letter also stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and amil you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.* at 47.) Plaintiff received the letter and others like it but never responded. Plaintiff's deposition testimony indicates that he lost sleep over receiving the letter. (Doc. 42 at 57.) Ultimately, Plaintiff sought a prescription for sleeping pills from his doctor, which cost about $150. (Docs. 41 at 67; 42 at 52.) Plaintiff told Defendant that he could not pay but did not dispute the validity of the debt as invited by the letter or indicate the debt was related to a worker's compensation claim. (Doc. 42 at 57.).

      Plaintiff sued Defendant under the Fair Debt Collection Practices Act ("FDCPA"). Defendant thereafter ceased attempts to collect the debt.

**II. Standard**

      Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And "conclusory allegations, unsupported by

facts are insufficient to survive a motion for summary judgment." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1116 (9th Cir. 2003).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts[,]" and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

**III. Analysis**

    **A. Standing**

Defendant argues that Plaintiff has not shown that he suffered an injury in fact and thus lacks standing to bring this suit. An injury in fact is an injury that is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("*Spokeo II*") (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff has provided evidence that he spent $150 on sleeping pills as a result of the stress from receiving Defendant's letter. Defendant counters that Plaintiff sought sleeping pills for loss of sleep beginning before the letter, creating a disputed fact that precludes summary judgment in its favor.

    **B. The FDCPA violation**

"In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accts. Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009). It is undisputed Plaintiff is a consumer and Defendant is a debt collector. (Docs. 42 at 6-8; 46 (failing to dispute).) Only the third element—whether

Defendant committed a violation of the FDCPA—is at issue.

The FDCPA prohibits collectors from using any "false, deceptive, or misleading representation or means" in collecting a debt, including "misrepresenting the legal status of the alleged debt[.]" 15 U.S.C. §§ 1692e, 1692e(2)(A). Whether a collector's conduct is false, deceptive, or misleading is an objective inquiry that considers whether the "least sophisticated debtor" would likely be misled. *Donohue v. Quick CCollect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). "[T]he least sophisticated debtor is reasonable and functional, but lacks experience and education regarding financial matters." *Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1196 (9th Cir. 2019).

Defendant's letter indicated that Plaintiff owed $1,494 on an account placed with Defendant by VAC, who had provided medical treatment to Plaintiff. (Doc. 42 at 255). The letter also included a section that Plaintiff could cut off and return in an envelope along with a "check or money order" for the $1,494. Although Defendant argues it did not know it at the time, it is undisputed that the debt it attempted to collect was connected to a worker's compensation claim, which makes it uncollectable in Arizona. *See* A.R.S. § 23-1062.01(D).

Lacking "experience and education regarding financial matters," the least sophisticated debtor would likely be misled by this letter into thinking he owed the $1,494 while his worker's compensation claim was being processed. Defendant argues that Plaintiff could not have recognized the letter as a debt collection letter because he could not read English. But Plaintiff's individual capacity to understand the letter to Defendant's satisfaction is irrelevant: the "least sophisticated debtor" test is an objective one, not a subjective one. A reasonable juror could only conclude it is likely that when presented with this letter—which announced that the recipient has a balance due of $1,494—the least sophisticated debtor would be misled into believing he legally owed the debt.

Defendant nevertheless argues that the Court should construe the worker's compensation debt as "an allegedly invalid identify theft debt," considering that "communications regarding that [sort of] debt are not deemed false, misleading or

- 4 -

deceptive" under the FDCPA. (Doc. 41 at 11 (citing *Story v. Midland Credit Funding, LLC*, No. 15-cv-194-AC, 2015 WL 7760190, at *7 (D. Or. Dec. 2, 2015).) Defendant cites no controlling authority for this argument. Plaintiff cites contrary, non-controlling authority.

The FDCPA is a strict liability statute, holding collectors liable for "violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). The Ninth Circuit has not carved out an identity-theft loophole. Instead, the FDCPA, allows creditors to avoid liability only by successfully employing the bona fide error defense, an affirmative defense upon which an asserting defendant bears the burden of proof. *See* 15 U.S.C. § 1692k. To that end, Defendant's argument that it should be immune from violations because "it cannot know what it cannot know" is beside the point: strict liability means that Defendant's knowledge is irrelevant. *Reichert*, 531 F.3d at 1005. Besides, Defendant concedes that identity theft cases "can be factually distinguished from the case at bar[.]" (Doc. 48 at 8.)

Because the FDCPA is a strict liability statute, the identity theft argument fails. Defendant violated 15 U.S.C. § 1692eby misrepresenting the debt as one personally owed by Plaintiff when it was, in fact, an uncollectable worker's compensation debt.[2]

### C. The bona fide error defense

Both parties move for summary judgment on Defendant's bona fide error affirmative defense.[3] "The bona fide error defense requires a showing that the debt

---

[2] Plaintiff advises the Court that because a consumer need establish only one violation to recover, *Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127, 1133 n.8 (9th Cir. 2021), the Court "need not determine whether [Defendant]" committed other violations of the FDCPA "before granting Plaintiff's motion for partial summary judgment. Accordingly, the Court does not address any other alleged violations of the FDCPA.

[3] Separately, Defendant argues that it cannot have violated the FDCPA because it did not intend to collect an uncollectable debt and reasonably relied on the representations of the creditor who assigned the debt. Defendant asserts this argument is separate from the bona fide error defense, citing *Reichert*, 531 F.3d at 1004 and *Clark v. Capital Credit & Collection Servs.*, 460 F.3d, 1162, 1176 (9th Cir. 2006). But those cases explain that even innocent attempts to collect an uncollectable debt under the FDCPA are considered violations. *Reichert*, 531 F.3d at 1004 ("[T]he FDCPA is a strict liability statute in that a plaintiff need not prove that an error is intentional.") Notwithstanding violating the FDCPA, collectors may employ the "bona fide errors[]" affirmative defense. *Id.* at 1005. *Reichert* emphasized, however, that "allowing a debt collector to escape liability for unintentional violations would render the bona fide error defense superfluous." *Id.* at 1006. Thus, to the extent Defendant seeks to avoid liability for relying on a creditor's information, that argument finds purchase only in the bona fide error affirmative defense.

- 5 -

collector: (1) violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid the violation." *Urbina v. Nat'l Bus. Factors Inc.*, 979 F.3d 758, 763 (9th Cir. 2020). Neither party disputes that Defendant satisfies the first two elements. Nor do they dispute that Defendant satisfies the first portion of element three by maintaining "procedures." The parties instead spar over whether those procedures were "reasonably adapted" to avoid FDCPA violations.

Whether a collector's procedures are "reasonably adapted to avoid [a] violation" of the FDCPA is a fact-sensitive inquiry. *Id.* at 764. Nevertheless, the Ninth Circuit has held that procedures that merely rely on a creditor to provide accurate information are insufficient. *Id.* at 761.

It is undisputed that Defendant's procedure entails running keyword searches designed to detect accounts related to a worker's compensation claim. (Doc. 41 at 22.) These keywords include "wrkcmp," "workers comp," "worker's comp," "workers compensation," "workman's compensation," "wrkcompensation," and others. (*Id.*) Defendant attests that it "regularly tests this process" to ensure its accuracy. (*Id.* at 23.) If the process indicates that a particular account is related to a workers compensation claim, "the account is removed from active collections and all activity ceases." (*Id.*) Otherwise, "the account remains" with Defendant. (*Id.*)

As Defendant concedes, its procedure "relied on the information provided by VAC." (Doc. 41 at 11.) Indeed, the procedure will detect a worker's compensation related debt only when the creditor provides accurate information about whether the debt is related to a worker's compensation claim. If the creditor provides inaccurate information—as it did here—the software scrub won't catch the worker's compensation related keywords. As such, Defendant's procedures are not "reasonably adapted" to avoiding an FDCPA violation because, at bottom, those procedures rely on a creditor to provide accurate information.[4] Plaintiff is entitled to judgment on the bona fide error defense.

---

[4] Defendant argues that it could not have implemented any other procedures, in part because, unlike some other jurisdictions, Arizona does not have a public-facing database

**IV. Conclusion**

There is no genuine dispute of material fact that Defendant harmed Plaintiff by violating the FDCPA and failed to maintain adequate procedures to entitle it to the bona fide error defense. Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 41) is **DENIED**. Plaintiff's motion for partial summary judgment (Doc. 42) is **GRANTED**. The parties will appear for a telephonic trial scheduling conference on **Tuesday, January 17, 2023, at 11:00 a.m**. The parties will be provided with call-in information via separate email.

Dated this 11th day of January, 2023.

Douglas L. Rayes
United States District Judge

---

for worker's compensation claims. But the Ninth Circuit in *Urbana* was unequivocal: a collector may not qualify for the bona fide error defense when its alleged procedures utterly rely on the creditor to provide accurate information. It broached no exceptions. And here, Defendant's procedure hangs entirely on VAC providing accurate information. Perhaps the Ninth Circuit may be willing to carve out an exception when a collector proves that it could not implement procedures that relied on something beyond the creditor's provision of accurate information, but to create such an exception is beyond the purview of this Court.